WHEELER, District Judge.
This suit is brought upon patent No. 512,118, dated January 2, 18M, and granted to the plaintiff for a dress stay. In the specification he says:
“This invention relates to that class of stays which are covered with rubber or other suitable compound, and is designed to provide an improvement thereon to prevent their breaking when in use, or rusting after washing or from perspiration of the wearer. Heretofore it has been proposed to cover single steel stays with rubber, and an example of this is shown in my patent, No. 496,313, but such stays cannot be sewed through, as is required in making dresses of the better class, unless the steels are perforated, and if so perforated they are so weakened at the point of perforation as to be almost sure to break under the strain to which they are subjected. To remedy this it has been proposed to use double or ‘twin’ stays, and cover them with textile material sewed on to the stays. This, however, is also objectionable, as the steels rust under perspiration and after washing, and this destroys the stitching, so that they not only iron mold the clothing of the wearer, but they become loose and annoying beside. To overcome these difficulties is the object of my invention, which I do by imbedding duplex or twin steels in a suitable composition, such as rubber or similar compounds.
“Referring now to the details of the drawings: A represents two steel wires of any approved cross section, but preferably either fiat or corrugated. These are united at the ends by metal tips clasping the ends at top and bottom, and the whole is covered with a suitable compound, such as rubber, or other suitable material, which, when it has been vulcanized or hardened, not only forms a hard, elastic coating, but also fills in, or partially so, the space between the two wires, and firmly unites them along their entire length, so as to make them practically one piece. The rubber is preferably perforated at several places along the center between the steels, or the material between the steels may be solid; but, owing to the absence of steel in the middle, it can be sewed through with a needle in the same manner as whalebone or horn, and to facilitate this there is a slight channel in the covering between the steels.”
*732 The claims are for:
“(1) A twin wire stay having a hard, resilient, waterproof coating, covering -the two members of the stay on all sides, and forming a filling connecting the -two contiguous edges of said members, substantially as described. (2) A twin wire stay, covered with vulcanized rubber, having a filling of the same between the wires, firmly uniting their inner edges, substantially as and for the purpose specified. (3) A twin wire stay covered with vulcanized rubber, having a channeled filling of the same between the wires, firmly uniting their inner edges, substantially as and for the purpose specified.”
The defense shows abundantly such stays of single pieces covered with rubber, and of two pieces covered with cloth and with paper, but none of twin stays covered with rubber, and perforated or grooved between them for sewing through. The nearest anticipation, and that most relied upon, seems to be the British patent, No. 1,765, granted December 6, 1890, to Henry Manning Knight. The most apt expressions in it towards describing the plaintiff’s stay are:
“In the manufacture of artificial or imitation whalebone according to my invention, I use a material known as compounded rubber, vulcanite, ebonite, ■or such kindred material, and I insert a core in same composed of a strip or strips, piece or pieces of wire alone or combined with some textile fabric. These strengthening pieces should be of or about the length of the ‘bones’ of imitation whalebone to be manufactured.”
“In the manufacture of such artificial whalebone as the above we find the following method of manufacture to answer the purpose well: We run out a thin sheet of suitably compounded rubber, and on it lay at apportioned distances the srips of metal as aforesaid. * * * These again are covered with another thin sheet of rubber, and the whole is then vulcanized under pressure, and in a high degree of heat. The sheet thus made * * * is after-wards cut up into strips of the desired widths, and polished on a revolving buff, when they are fit for market.”
When cut into strips of the desired width, some might include two wires, and constitute such a twin stay as they so .would make; but this is not shown to have ever been done, and, if done, it would not show such a stay perforated or grooved along the middle for sewing through it there. These differences are slight, but slight differences here are important; and, however slight important differences may be, they are, when newly discovered or invented, by law patentable. Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719. The differences between the many patents upon these things are all small, but the practical difference between the plaintiff’s stay and any prior ones well appears by the conduct of the infringers in taking it, about which there is no question, and otherwise. Decree for plaintiff.